# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CARLOS FERNANDEZ, Ph.D., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 2:17-cv-00387 |
| | § | |
| THE TEXAS A & M UNIVERSITY SYSTEM, | § | |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Carlos Fernandez, Ph.D., files this Original Complaint against Defendant The Texas A & M University System, and shows as follows:

### PARTIES

1. The plaintiff is Carlos Fernandez, Ph.D. He is an individual and resident of Nueces County, Texas.

2. The defendant is The Texas A & M University System. It is a public education institution of higher learning in the state of Texas. It maintains an office and does business in Corpus Christi, Nueces County, Texas, in part, as The Texas A & M AgriLife Research, which is the physical location of the plaintiff's employment. It may be served

with process by personal service by serving the defendant's Texas A & M AgriLife Research's Center Director, Juan Landivar Bowles, Ph.D., Professor and Center Director, Texas A&M AgriLife Research and Extension Center, 10345 Hwy 44, Corpus Christi, TX 78406, 361-265-9201.

## JURISDICTION

3. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 623(a)(1), (d) ("ADEA").

## VENUE

4. Pursuant to 29 U.S.C. § 1132(e)(2), venue for this suit is proper in this district and division because it is the district and division where the alleged events occurred.

## FACTS

5. The plaintiff's employment is with The Texas A & M University System and/or Texas A&M AgriLife Research in Corpus Christi, Texas (collectively as "the defendant"), which is the state's premier research agency in agriculture, natural resources, and the life sciences. The defendant conducts hundreds of projects spanning many scientific disciplines to deliver life-sustaining and industry-changing impacts to citizens throughout Texas and around the world. It is the state agriculture agency part of Texas A&M AgriLife, which allows it to fund research across many fields. The defendant does so by partnering with research institutes and its respective research centers across Texas.

6.     The plaintiff is presently employed by the defendant.  He is now 73-years-old.  His present job title is Associate Professor–Research Agronomist, Plant Physiology and Crop Systems Research, Texas A&M University Agricultural Research and Extension Center, Corpus Christi.  The plaintiff has had this job title since 1999, but has been employed by the defendant since about 1986.  The plaintiff is aware of no disciplinary action directed to him in 30 years' employment with the defendant, and is aware of only positive performance evaluations for the first 29 years or so.  The plaintiff serves as Project Leader in the conduction of disciplinary and applied farming systems research involving agronomic research, crop management, and applications of precision farming technologies to field crops in the lower Coastal Bend region of Texas, and to publish and otherwise disseminate research results to professional peer, industry and user groups.  The plaintiff has more than 200 publications.  The plaintiff reports directly to to the Resident Director of Research, TAES, Corpus Christi, who is Juan Landivar Bowles, Ph.D.

7.     Dr. Landivar discriminated against the plaintiff because of his age (71) and retaliated against him because he opposed his discriminatory acts.   Dr. Landivar is attempting to force the plaintiff to retire in numerous ways.  This conduct is ongoing.

8.     In January 2014, two of the plaintiff's graduate students asked him about his plans to retire, as if he had announced that intention.  When the plaintiff asked them where they

got that idea (because it was not true), they informed the plaintiff that Dr. Landivar told them that he was retiring. This was one of the first signs to the plaintiff that Dr. Landivar had formed the opinion that the plaintiff had become too old to continue his work with the defendant.

9. Further, upon completing his 2014 annual review interview on or about March 5, 2015, the plaintiff spoke to Dr. David Baltensperger, who is the Head of the Soil & Crop Sciences Department of Texas A&M University and who attended the plaintiff's annual review. The plaintiff discussed with him the hostile tone and obvious animosity displayed by Dr. Landivar during the annual review. In response to the plaintiff's complaints about Dr. Landivar not wanting him around anymore because of his age, Dr. Baltensperger responded by saying "Carlos, at least at your age, you have the retirement option." The plaintiff responded by saying that was not thinking of retiring.

10. Further, Dr. Landivar has essentially stopped speaking to the plaintiff, beginning in early 2015 and continuing. During this same time frame, Dr. Landivar also displaced the plaintiff as principal investigator on a project focused upon cotton field remote sensing. Further, the plaintiff has not been invited by Dr. Landivar to participate in research planning and coordination meetings by specifically excluding him from such planning and meetings. Dr. Landivar has and is presently interfering with the plaintiff's ability to be an effective member of the research team he directs.

11.     Further, in early July 2015, Dr. Landivar hired one of the plaintiff's graduate students (age 20s), at first part-time and later, in September 2015, full-time, to take over research that the plaintiff was conducting on remote sensing of crops for high throughput phenotyping.  The plaintiff's research was interfered with by Dr. Landivar and was excluded from his own on-going research work; instead, the work was given to a person decades younger with far less experience.

12.     Further, during a one-on-one meeting with Dr. Landivar on or about July 28, 2015, he directed a series of strong derogatory age-related remarks to the plaintiff in Spanish. These included (translated), as examples, "An old tree cannot be straightened," and "An old dog cannot be taught new tricks."  The plaintiff was and remains shocked and saddened by such comments.

13.     Therefore, in response, the plaintiff complained to both Texas A&M AgriLife higher management and the defendant's Human Resources, respectively, for the purpose of investigating and stopping the hostile work environment based on age discrimination and to otherwise state his opposition to the age-based harassment and the numerous efforts to force him to retire.  But the plaintiff received no relief to the conduct, as he expected.

14.     Indeed, after the plaintiff's complaints to upper management and Human Resources, respectively, the unlawful conduct became worse.  That is, for example, Dr.

Landivar made a number of loud and aggressive comments to the plaintiff and disrespectfully laughed when referring to the plaintiff's written complaints to the defendant seeking intervention. Further, for example, on or about March 2, 2016, the plaintiff's annual review meeting for 2015 was held, wherein Dr. Landivar's tone was repeatedly negative and retaliatory.  When, for example, the plaintiff referred to Dr. Landivar's actions of excluding the plaintiff from performing his work, not sharing data, and pushing him out of research activity, Dr. Landivar giggled as though those activities of his were amusing.  Further, in response to the plaintiff's age-related complaints, Dr. Landivar attacked the plaintiff for demonstrating a "disappointing display of gratitude" for past opportunities.  Dr.  Landivar also noted to the plaintiff that he should stop sending complaints "to the administration" because the plaintiff "knew where his office is."  Dr. Landivar went as far as lamenting to the plaintiff that he is treating the plaintiff negatively because he subjectively believed that the plaintiff's complaints to the defendant were tantamount to "filing a lawsuit" and that, while maniacally laughing, he needs "keep [his] evidence as quiet as possible" while working.

15.  The defendant has also now reduced the plaintiff's annual, supplemental pay as a form of punishment for complaining about age discrimination.

16.  Dr. Landivar, with the apparent support of the defendant, is clearly seeking to force the plaintiff's retirement by treating him in negative manner, stripping him of his

job duties and research, and embarrassing him in front of his colleagues.

17. The plaintiff filed a charge fo discrimination based on age and retaliation with the appropriate agency. The administrated process is exhausted.

## CAUSES OF ACTION

**Count 1–Age Discrimination/Hostile Work Environment (Federal Law)**

18. The plaintiff incorporates within Count 1 all of the allegations set forth in paragraphs 1-17, *supra*.

19. The plaintiff is over the age of 40; that is, now 73-years-old. He is in protected age with respect to age discrimination. The plaintiff is being subjected to harassment, either through words or actions by the defendant, based on his age (73).

20. The nature of Dr. Landivar's harassment of the plaintiff is such that it created an objectively intimidating, hostile, or offensive work environment for the plaintiff. Clearly, the defendant is the plaintiff's employer for purpose of liability under the ADEA.

21. The plaintiff also alleges that the discrimination was knowingly done and/or intentionally done and/or recklessly by the defendant.

22. The defendant's conduct caused damages to the plaintiff. He therefore seeks to recover his economic and non-economic damages from the defendant by this suit. The plaintiff also seeks to recover all of his costs and attorney's fees incurred in this matter.

**Count 2–Retaliation/Hostile Work Environment (Federal Law)**

23.     The plaintiff incorporates within Count 2 all of the allegations set forth in paragraphs 1-22, *supra*.

24.     The plaintiff made a complaint to the defendant (*via* management and Human Resources, respectively), complaining about age discrimination in the workplace and/or in opposing an unlawful employment practices based on his age.  This is protected activity under the ADEA.

25.     In response to his protected conduct, the defendant retaliated against the plaintiff by making his working conditions worse and reducing his annual, supplemental pay.  It was the plaintiff's respective complaints about age discrimination to the defendant that caused his working conditions to worsen and the reduction of his annual, supplemental pay.  The plaintiff is aware of no, legitimate, non-retaliatory business reason for his working conditions worsening and the reduction of this annual, supplemental pay.

26.     The defendant's conduct caused damages to the plaintiff.  He therefore seeks to recover her economic damages from the defendant, damages for mental anguish, and all other damages provided by law.  As provided by law, the plaintiff also seeks recovery of her attorney's fees.

## PRAYER

27.     For these reasons, Plaintiff Carlos Fernandez, Ph.D., respectfully requests that Defendant The Texas A & M University System, be cited to appear herein and answer,

and that upon trial of this matter, have judgment against Defendant for Plaintiff's damages, economic damages, non-economic damages, mental anguish damages, attorney's fees, costs, pre-judgment interest, post-judgment interest, and for such other relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

s/Jon D. Brooks
Jon D. Brooks
Attorney-in-Charge
Federal ID 24936
State Bar No. 24004563
400 Mann Street, Suite 1001
Corpus Christi, Texas 78401
361.885.7710
361.885.7716 (facsimile)
www.brooksllp.com

**Attorneys for Plaintiff Carlos Fernandez, Ph.D.**