UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CARLOS FERNANDEZ, PH.D., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-387 |
| | § | |
| THE TEXAS A & M UNIVERSITY | § | |
| SYSTEM, *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER ON MOTION TO DISMISS

Plaintiff Carlos Fernandez, Ph.D. filed this age discrimination and retaliation claim against his employer, Texas A&M Agrilife Research (TAMAR) and Juan Landivar Bowles, Ph.D (Dr. Landivar). He claims federal question jurisdiction pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a)(1), (d), and requests monetary damages and prospective declaratory and injunctive relief under both the ADEA and unspecified state law. D.E. 13. Before the Court is Defendants' Motion to Dismiss (D.E. 19), invoking immunity from suit under the Eleventh Amendment. Plaintiff has filed his response conceding Defendants' immunity as to monetary relief, but asserting that requests for prospective injunctive or declaratory relief are exceptions to Eleventh Amendment immunity and were not addressed in the motion. D.E. 24. Defendants have filed their reply. D.E. 25. For the reasons set out below, the motion to dismiss (D.E. 19) is GRANTED IN PART and DENIED IN PART.

# DISCUSSION

The Eleventh Amendment to the United States Constitution bars federal jurisdiction over suits brought by individuals against nonconsenting states. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). TAMAR asserts that, as a public educational institution of the State of Texas, it is a state actor for purposes of the Eleventh Amendment immunity. Tex. Educ. Code §§ 85.11, 85.21, 88.821 (statutory creation of TAMAR with Board of Regents answerable to the State); s*ee also*, *Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997) (Eleventh Amendment protects state agencies and instrumentalities); *United Carolina Bank v. Bd. of Regents of Stephen F. Austin State Univ.*, 665 F.2d 553, 557-58 (5th Cir. 1982) (public educational institutions created with board answerable to State are state agents). Plaintiff does not dispute this.

Dr. Landivar asserts that he is sued only in his official capacity and thus is entitled to the same immunity as TAMAR, the institution for which he works. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984) (individual state officials are entitled to Eleventh Amendment immunity when sued in their official capacity). Again, Plaintiff does not dispute this. Consequently, both Defendants have demonstrated the general rule that Eleventh Amendment immunity protects them from suit based upon their relationship to the State of Texas.

More specifically, however, the question is whether the ADEA or the prospective, equitable type of relief sought presents an exception to that immunity. While Congress can abrogate Eleventh Amendment immunity by passing appropriate laws, courts have consistently held that the ADEA failed in its intended abrogation. *E.g., Kimel v. Fla. Bd.*

*of Regents*, 528 U.S. 62, 91-92 (2000); *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469-70 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1339 (2017). Therefore, the status of the ADEA as a federal law does not globally defeat Defendants' Eleventh Amendment immunity. And the immunity clearly holds with respect to any claim against Defendants for monetary relief under the ADEA, as the parties agree. D.E. 19; D.E. 24, p. 3.

However, the same does not hold true for claims for prospective relief. Plaintiff claims that Defendants' motion is silent regarding his request for injunctive and declaratory relief. But they did state that immunity applied to "money damages or injunctive relief." D.E. 19, pp. 4, 9. And those are the terms in which the Fifth Circuit has described Eleventh Amendment immunity. *Cozzo v. Tangipahoa Par. Council--President Gov't*, 279 F.3d 273, 280 (5th Cir. 2002) ("the Eleventh Amendment bars suits for both money damages and injunctive relief"). Thus Defendants do seek dismissal of the claims for prospective relief.

At issue is whether the request for prospective relief falls within the scope of the *Ex parte Young* doctrine.[1]

> This doctrine holds that acts by state officials which are contrary to federal law cannot have been authorized or be ratified by the state; and suits seeking to enjoin such wrongful and unauthorized acts are not suits against the state and a federal courts' injunction against such wrongful acts is not a judgment against the state itself. The essential ingredients of the *Ex parte Young* doctrine are that a suit must be brought against individual persons in their official capacities as agents of the state and the relief sought must be declaratory or injunctive in nature and prospective in effect.

---

[1] "The state has no power to impart to [its official] any immunity from responsibility to the supreme authority of the United States." *Ex parte Young*, 209 U.S. 123, 160 (1908).

*Saltz v. Tennessee Dep't of Employment Sec.*, 976 F.2d 966, 968 (5th Cir. 1992).

Plaintiff cites a case brought under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601–54, in which the Fifth Circuit recognized this exception in an employment dispute. "[A] request for reinstatement [to employment] is sufficient to bring a case within the *Ex parte Young* exception to Eleventh Amendment immunity, as it is a claim for prospective relief designed to end a continuing violation of federal law." *Nelson v. Univ. of Texas at Dallas*, 535 F.3d 318, 324 (5th Cir. 2008) (footnote omitted). The *Nelson* opinion specifically rejects the argument that *Ex parte Young* applies only to constitutional claims. *Id*. Consequently, any continuing violation of the ADEA, a federal law, triggering prospective relief represents a claim within this Court's federal question jurisdiction.

Defendants list three reasons that *Nelson* and *Ex parte Young* do not apply here. The Court disagrees with each. First, "*Nelson* involved an ongoing violation of the FMLA when Daniel refused to reinstate Nelson in violation of the FMLA." Plaintiff has alleged an ongoing violation of the ADEA because Dr. Landivar continues to subject him to a hostile work environment and deprive him of the full benefits of his employment. Nothing about the type of violation or the type of prospective relief distinguishes *Nelson* from this case.

Second, "[T]here can be no ongoing violation of federal law since both TAMAR and Landivar are immune from ADEA claims because of the 11th Amendment." As indicated in the *Saltz* quote set out above, Eleventh Amendment immunity does not negate the violation of law; it merely prevents a plaintiff from obtaining certain remedies

against certain defendants for the violation. *Ex parte Young* preserves the wrong and the remedy for prospective relief by holding that the State cannot be heard to authorize its officials to engage in continued violations of federal law. As continuing violations are not authorized by the State, they cannot fall within the Eleventh Amendment.

Third, "Fernandez is still employed by TAMAR. . . . Any prospective relief from [sic] Fernandez for reinstatement by Landivar is moot, and not ripe, since Fernandez cannot be reinstated to a job he still holds." Reinstatement is not the only form of prospective relief available under the ADEA. Plaintiff's continued employment subjects him to Dr. Landivar's alleged continuing age-based harassment, retaliation, and interference with his job duties, research, and compensation.[2] Plaintiff's request for prospective equitable relief pursuant to the ADEA is not foreclosed by the fact that he has not been terminated.

## CONCLUSION

For the reasons set out above, Defendants' motion to dismiss (D.E. 19) is GRANTED IN PART with respect to all of Plaintiff's claims for monetary damages and for alleged violations of state law. The motion is DENIED IN PART with respect to

---

[2] It shall be unlawful for an employer—

   **(1)** to fail or refuse to hire or to discharge any individual *or otherwise discriminate* against any individual with respect to his *compensation, terms, conditions, or privileges* of employment, because of such individual's age;

   **(2)** to limit, segregate, or classify his employees in any way which would *deprive or tend to deprive any individual of employment opportunities* or otherwise *adversely affect his status* as an employee, because of such individual's age; or

   **(3)** to *reduce the wage rate* of any employee in order to comply with this chapter.

29 U.S.C. § 623 (emphasis added).

Plaintiff's claims for prospective equitable declaratory and injunctive relief under the ADEA.

ORDERED this 4th day of June, 2018.

                                                       _____
                                                       NELVA GONZALES RAMOS
                                                       UNITED STATES DISTRICT JUDGE